**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

LARRY DARNELL PAIGE,

           Plaintiff,

vs.                                                Case No. 3:14-cv-1343-J-JRK

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

           Defendant.
_____/

**OPINION AND ORDER**[1]

**I.  Status**

Larry Darnell Paige ("Plaintiff") is appealing the Commissioner of the Social Security Administration's final decision denying his claim for disability insurance benefits ("DIB") and supplemental security income ("SSI"). Plaintiff's alleged inability to work is a result of "[n]eck & back injury," "diabetes," "h[igh] b[lood] p[ressure]," "migraine," and "depression." Transcript of Administrative Proceedings (Doc. No. 14; "Tr." or "administrative transcript"), filed March 24, 2015, at 248 (emphasis and capitalization omitted). On March 15, 2011, Plaintiff protectively filed applications for DIB and SSI, alleging an onset disability date of February 15, 2009. Tr. at 170-73 (DIB), 174-80 (SSI). Plaintiff's "protective filing date" is listed elsewhere in the administrative transcript as February 11, 2011. See Tr. at 245. Plaintiff amended his alleged onset date to April 15, 2010. Tr. at 38, 229. Plaintiff's applications

---

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 16), filed March 26, 2015; Reference Order (Doc. No. 17), entered March 27, 2015.

were denied initially, see Tr. at 92, 100-06 (DIB), 93, 107-12 (SSI), and upon reconsideration, see Tr. at 94, 115-21 (DIB), 95, 122-26 (SSI).

On February 6, 2013, an Administrative Law Judge ("ALJ") held a hearing during which the ALJ heard testimony from Plaintiff, who was represented by counsel, and a vocational expert ("VE"). Tr. at 57-91. On May 3, 2013, the ALJ issued a Decision finding Plaintiff not disabled and denying Plaintiff's claims. Tr. at 38-51. Plaintiff then requested review by the Appeals Council, Tr. at 34, and submitted evidence to the Council in the form of a brief authored by his attorney representative and some additional medical evidence. Tr. at 32; see Tr. at 311-20 (brief), 462-74 (medical records of St. Vincent's Family Medicine Center). On September 2, 2014, the Appeals Council denied Plaintiff's request for review, Tr. at 28-32, thereby making the ALJ's Decision the final decision of the Commissioner. On November 3, 2014, Plaintiff commenced this action under 42 U.S.C. § 405(g) and § 1383(c)(3), by timely filing a Complaint (Doc. No. 1), seeking judicial review of the Commissioner's final decision.

Plaintiff raises three issues on appeal:

Whether the ALJ erred in determining that [Plaintiff] has the residual functional capacity to perform light work with some additional limitations after failing to adequately consider and weigh all the pertinent evidence and opinions in the record.

Whether the ALJ properly relied on the testimony of the [VE] after posing a hypothetical question that did not adequately reflect the limitations of [Plaintiff].

Whether the ALJ erred in determining that [Plaintiff] has the residual functional capacity to perform light work after failing to adequately assess [Plaintiff's] credibility when [he] suffered from pain caused from physical impairments.

-2-

Pl.'s Brief Addressing the Merits of Appeal (Doc. No. 23; "Pl.'s Br."), filed July 27, 2015, at 2-3, 9-17.  Defendant filed a Memorandum in Support of the Commissioner's Decision (Doc. No. 24; "Def.'s Mem.") on September 25, 2015.  After a thorough review of the entire record and the parties' respective memoranda, the undersigned finds that the Commissioner's final decision is due to be affirmed for the reasons stated herein.

## II.  The ALJ's Decision

When determining whether an individual is disabled,[2] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. §§ 404.1520, 416.920; see also Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004).  The claimant bears the burden of persuasion through step four, and at step five, the burden shifts to the Commissioner.  Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step sequential inquiry.  See Tr. at 40-50.  At step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since April 15, 2010, the [amended] alleged onset date."  Tr. at 40 (emphasis and citation omitted).  At step two, the ALJ found that Plaintiff "has the following severe impairments: diabetes,

---

[2] "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

hypertension, lumbar spine disorder, cervical spine disorder, bilateral knee disorders, bilateral elbow disorders, migraine headaches, gastroesophageal reflux disease (GERD), and dysthymic disorder." Tr. at 40 (emphasis and citation omitted). At step three, the ALJ ascertained that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the impairments listed in 20 CFR Part 404, Subpart P, Appendix 1." Tr. at 41 (emphasis and citation omitted).

The ALJ determined that Plaintiff has the following residual functional capacity ("RFC"):

> [Plaintiff can] perform a full range of light work as defined in 20 CFR [§§] 404.1567(b) and 416.967(b), except that [Plaintiff] must have a sit-stand option, at will. [Plaintiff] is limited to no ladder, rope or scaffold climbing, and only occasional postural motions (i.e. bend, balance, stoop, squat, kneel, crouch and crawl) otherwise. [Plaintiff] must avoid dangerous work hazards (i.e. unprotected heights and exposed machinery), and avoid extreme heat and humidity conditions. Further, [Plaintiff] is limited to routine, uncomplicated tasks not requiring detailed decision making, and not requiring a production rate pace. Lastly, [Plaintiff] must avoid constant reaching, handling and fingering tasks.

Tr. at 42-43 (emphasis omitted). At step four, the ALJ found that Plaintiff is "unable to perform any past relevant work" as a "Sale[s] Clerk" and "Roofer." Tr. at 49 (emphasis and citations omitted).

At step five, the ALJ considered Plaintiff's age ("49 years old . . .on the alleged disability onset date"),[3] education ("at least a high school education"), work experience, and RFC, and determined, with the assistance of the VE, that "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform." Tr. at 23 (emphasis

---

[3] Plaintiff was 50 years old on the amended onset date.

and citation omitted). Relying on the testimony of the VE, the ALJ identified as representative jobs a "Ticket Taker" and a "Marker." Tr. at 50. The ALJ concluded that Plaintiff "has not been under a disability . . . from April 15, 2010, through the date of th[e] [D]ecision." Tr. at 50 (emphasis and citation omitted).

### III. Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence.'" Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (citation omitted); see also McRoberts v. Bowen, 841 F.2d 1077, 1080 (11th Cir. 1988); Walker v. Bowen, 826 F.2d 996, 999 (11th Cir. 1987). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence–even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV. Discussion

As indicated above, Plaintiff raises three issues before this Court. He first challenges the ALJ's handling of the medical evidence, arguing that the ALJ stated she gave significant weight to the opinions of consultative examiner Robert Wall, M.D., and yet the ALJ failed to include the limitations noted by Dr. Wall in determining Plaintiff's RFC. Pl.'s Br. at 9-12. In a related argument, he claims error in the ALJ's failure to include those same limitations assessed by Dr. Wall in the hypothetical to the VE. Id. at 13-14. Additionally he argues that the hypothetical was not consistent with the RFC's finding that Plaintiff required a sit/stand option at will. Id. at 12-13. Lastly, he argues the ALJ erred in making her credibility finding. Id. at 14-17. The issues are addressed in turn below.

### A. Plaintiff's RFC and Dr. Wall's opinion (Issue One)

Plaintiff argues the ALJ "erred in determining that [Plaintiff] has the [RFC] to perform light work with some additional limitations after failing to adequately consider and weigh all the pertinent evidence and opinions in the record." Pl.'s Br. at 9. Specifically, he claims that even though the ALJ stated she gave significant weight to the opinion of Dr. Wall, the limitations ultimately assessed in the ALJ's RFC are very different than the more restrictive limitations noted by Dr. Wall. Id. at 11. Defendant responds that the ALJ gave this consulting examiner's opinion significant weight as consistent with the other medical evidence and Plaintiff's own testimony. Def.'s Mem. at 7-9. Additionally, Defendant submits that the RFC determination is reserved for the Commissioner. Id. at 6.

#### 1. Applicable Law

The Regulations establish a "hierarchy" among medical opinions[4] that provides a framework for determining the weight afforded each medical opinion: "[g]enerally, the opinions of examining physicians are given more weight than those of non-examining physicians[;] treating physicians[' opinions] are given more weight than [non-treating physicians;] and the opinions of specialists are given more weight on issues within the area of expertise than those of non-specialists." McNamee v. Soc. Sec. Admin., 164 F. App'x 919, 923 (11th Cir. 2006) (citing 20 C.F.R. § 404.1527(d)(1), (2), (5)). The following factors are relevant in determining the weight to be given to a physician's opinion: (1) the "[l]ength of the treatment relationship and the frequency of examination"; (2) the "[n]ature and extent of [any] treatment relationship"; (3) "[s]upportability"; (4) "[c]onsistency" with other medical evidence in the record; and (5) "[s]pecialization." 20 C.F.R. §§ 404.1527(d)(2)-(5), 416.927(d)(2)-(5); see also 20 C.F.R. §§ 404.1527(e), 416.927(f).

With regard to a treating physician or psychiatrist,[5] the Regulations instruct ALJs how to properly weigh such a medical opinion. See 20 C.F.R. § 404.1527(c). Because treating physicians or psychiatrists "are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s)," a treating physician's or psychiatrist's medical opinion is to be afforded controlling weight if it is "well-supported by

---

[4] "Medical opinions are statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of [a claimant's] impairment(s), including [the claimant's] symptoms, diagnosis and prognosis, what [the claimant] can still do despite impairment(s), and [the claimant's] physical or mental restrictions." 20 C.F.R. § 404.1527(a)(2); see also 20 C.F.R. § 404.1513(a) (defining "[a]cceptable medical sources").

[5] A treating physician or psychiatrist is a physician or psychiatrist who provides medical treatment or evaluation to the claimant and who has, or has had, an ongoing treatment relationship with the claimant, as established by medical evidence showing that the claimant sees or has seen the physician with a frequency consistent with accepted medical practice for the type of treatment and/or evaluation required for the medical condition. See 20 C.F.R. § 404.1502.

medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence" in the record. Id. When a treating physician's or psychiatrist's medical opinion is not due controlling weight, the ALJ must determine the appropriate weight it should be given by considering the factors identified above (the length of treatment, the frequency of examination, the nature and extent of the treatment relationship, as well as the supportability of the opinion, its consistency with the other evidence, and the specialization of the physician). Id.

If an ALJ concludes the medical opinion of a treating physician or psychiatrist should be given less than substantial or considerable weight, he or she must clearly articulate reasons showing "good cause" for discounting it. Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997). Good cause exists when (1) the opinion is not bolstered by the evidence; (2) the evidence supports a contrary finding; or (3) the opinion is conclusory or inconsistent with the treating physician's or psychiatrist's own medical records. Phillips, 357 F.3d at 1240-41; see also Edwards v. Sullivan, 937 F.2d 580, 583-84 (11th Cir. 1991); Schnorr v. Bowen, 816 F.2d 578, 582 (11th Cir. 1987) (stating that a treating physician's medical opinion may be discounted when it is not accompanied by objective medical evidence). An examining physician's opinion, on the other hand, is not entitled to deference. See McSwain v. Bowen, 814 F.2d 617, 619 (11th Cir. 1987) (per curiam) (citing Gibson v. Heckler, 779 F.2d 619, 623 (11th Cir. 1986)); see also Crawford, 363 F.3d at 1160 (citation omitted).

An ALJ is required to consider every medical opinion. See 20 C.F.R. §§ 404.1527(d), 416.927(d) (stating that "[r]egardless of its source, we will evaluate every medical opinion we receive"). While "the ALJ is free to reject the opinion of any physician when the evidence

supports a contrary conclusion," Oldham, 660 F.2d at 1084 (citation omitted); see also 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2), "the ALJ must state with particularity the weight given to different medical opinions and the reasons therefor," Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1179 (11th Cir. 2011) (citing Sharfarz v. Bowen, 825 F.2d 278, 279 (11th Cir.1987)); see also Moore v. Barnhart, 405 F.3d 1208, 1212 (11th Cir. 2005); Lewis, 125 F.3d at 1440. "In the absence of such a statement, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence." Winschel, 631 F.3d at 1179 (quoting Cowart v. Schweiker, 662 F.2d 731, 735 (11th Cir. 1981)).

**2. Dr. Wall**

Plaintiff was seen by Dr. Wall on March 21, 2013, for a one-time consultative examination upon referral by the Division of Disability Determination. Tr. 438-42. On that date, Plaintiff presented with a history of back problems dating back to the mid 1990's. Tr. at 438. Dr. Wall noted that Plaintiff reported a "history of limited left arm use, pain in his left arm down to the antecubital area, and a weak left leg." Tr. at 438. Dr. Wall noted other problems related by Plaintiff, including "insulin dependent type 2 diabetes," and "history of high blood pressure." Tr. at 438. According to the record of that visit, Plaintiff's activities of daily living included:

> He cooks once a week. He is unable to clean, launder, or shop. His wife generally takes care of these chores. He showers and dresses himself daily. He can walk three blocks and one flight of stairs. He watches TV, listens to the radio, reads, and goes to church. He socializes with friends in church. No hobbies.

Tr. at 439.

Dr. Wall performed a physical exam and noted that Plaintiff "appeared to be in mild distress. Gait is abnormal. He limps with his left leg. He cannot walk on heels or toes. He cannot squat. His stance is listing to the right." Tr. at 439. Plaintiff's strength was 5/5 on the right upper extremity and 4/5 on the left. Tr. 440-41. His strength in the right lower extremity was noted as 5/5, with decreased strength of the left hip, thigh and knee. Tr. at 441. "Hand and finger dexterity [was] intact. Grip strength in left hand 4/5. Right hand 5/5. [Plaintiff] is able to zip, button, and tie." Tr. at 441. Based upon the exam, Dr. Wall opined that "there are mild to moderate limitations of [Plaintiff's] ability to sit, stand, walk, climb, push, pull, or carry heavy objects due to moderate limitations." Tr. at 442.

Dr. Wall completed a Medical Source Statement of Ability to Do Work-Related Activities (Physical) on March 21, 2013. Tr. 452-57. Pertinent to Plaintiff's arguments, Dr. Wall opined that Plaintiff is capable of sitting three hours, standing two hours, and walking two hours in an eight-hour day. Tr. 453. Plaintiff submits that Dr. Wall's opinion that Plaintiff "could only sit, stand and walk for a total of seven hours out of an eight-hour workday . . . is not even consistent with light work." Pl.'s Br. at 11-12. Additionally, Plaintiff argues that Dr. Wall opined that Plaintiff could never reach overhead and only "occasionally" reach in all other directions on both the right and left, id. at 12 (referring to Tr. at 454), and yet the ALJ only limited reaching to frequently. See Tr. at 43.

In discussing Dr. Wall's opinions, the ALJ stated as follows:

In April 2013, [Plaintiff] underwent another consultative examination, this time with IMA Evaluations and Richard Wall, M.D. [Plaintiff] reported a history of back pain since the mid 1990's. Further, he stated that he has uncontrolled diabetes and hypertension, although he does not have any symptoms from his hypertension and his most recent A1c level was "9." During the examination, [Plaintiff's] blood pressure was recorded at 160/100. [Plaintiff's] general

-10-

> appearance was noted as mildly distressed and he exhibited an abnormal gait, inability to walk on heels or toes, inability to squat, although he did not need any help getting on or off the examination room table and was able to rise form a seated position. [Plaintiff's] cervical spine was documented as having a reduced range of motion, his thoracic spine revealed no scoliosis, kyphosis, or abnormality, and his lumbar demonstrated decreased flexion and extension, lateral flexion, and full rotary movement bilaterally of a moderate degree. Further, [Plaintiff's] straight leg raise [was] positive, he exhibited full range of motion with his upper extremities and a reduced range of motion with his left hip although full range of motion with all other joints in his lower extremities. [Plaintiff] revealed full strength in his upper right extremity; slightly reduced strength in his upper left extremity; decreased strength of left hip, thigh, and knee, although full strength in his left ankle; and full strength in his entire right lower extremity. Additionally, [Plaintiff] exhibited intact hand and [finger] dexterity. During the mental status portion of the examination, Dr. Wall noted that [Plaintiff] had no abnormalities.
>
> During the examination, [Plaintiff] underwent x-rays of his lumbar spine, elbows and knees. The x-rays of his spine demonstrated a decrease[] of the L5-Sl posterior space, more likely degenerative, but suggest to rule out herniated disc, and radiological signs of discreet degenerative osteoarthrosis. Further, the x-rays of his elbows revealed moderate degenerative osteoarthrosis in both elbows and spur formation at the Olecranon in his right elbow. Furthermore, [Plaintiff's] x-rays of his knees showed incipient degenerative changes. Due to these findings, Dr. Wall opined that [Plaintiff] has a mild to moderate limitation in his ability to sit, stand, walk, climb, push, pull, or carry heavy objects.
>
> I have taken into consideration the opinion of Dr. Wall in accordance with the Regulations. In this case, no treating physician has offered an opinion sufficient upon which to assess [Plaintiff's RFC]. However, I note that Dr. Wall's opinion is consistent with records and reports obtained from [Plaintiff's] treating physicians and with the evidence as a whole. Therefore, pursuant to the Regulations, I give significant weight to the opinion of Dr. Wall as an examining physician and limit [Plaintiff] to work at the light exertional level allowing [Plaintiff] to sit or stand, and limiting [Plaintiff's] performance of postural motions and constant reaching, handling and fingering tasks.

Tr. at 47-48 (citations omitted). A review of the ALJ's discussion of Dr. Wall's opinions and the ultimate RFC assessed, compare Tr. at 47-48 with Tr. at 42-43, does not support Plaintiff's argument that the limitations assessed are "very different" necessitating reversal.

The RFC assessment "is the most [a claimant] can still do despite [his or her] limitations." 20 C.F.R. § 404.1545(a)(1).  It is used at step four to determine whether a claimant can return to his or her past relevant work, and if necessary, it is also used at step five to determine whether the claimant can perform any other work that exists in significant numbers in the national economy.  20 C.F.R. § 404.1545(a)(5).  In assessing a claimant's RFC, the ALJ "must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'" SSR 96-8P, 1996 WL 374184 at *5; see also Swindle v. Sullivan, 914 F.2d 222, 226 (11th Cir. 1990) (stating that "the ALJ must consider a claimant's impairments in combination") (citing 20 C.F.R. § 404.1545; Reeves v. Heckler, 734 F.2d 519, 525 (11th Cir. 1984)).

Here, the ALJ considered and specifically discussed the medical evidence of record and gave significant weight to Dr. Wall's opinion that Plaintiff "has a mild to moderate limitation in his ability to sit, stand, walk, climb, push, pull, or carry heavy objects." Tr. at 48 (referring to Tr. at 442).  The ALJ was not obligated to address every opinion of Dr. Wall. See Dyer, 395 F.3d at 1211 ("there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision").  And, the fact that the ALJ did not adopt all of the opinions in Dr. Wall's assessment of Plaintiff's RFC is not error as the determination of Plaintiff's RFC is a matter for the ALJ.  See 20 C.F.R. §§ 404.1527(d)(1), 416.927(d)(1) (noting that, a claimant's RFC is a matter reserved for the ALJ's determination, and while a physician's opinion on the matter will be considered, it is not dispositive).  Moreover, Plaintiff has not directed the court to other objective medical findings that support limitations greater

than those assessed by the ALJ's RFC.  Accordingly, the ALJ's Decision on this issue is due to be affirmed.

## B. Hypothetical to the VE  (Issue Two)

Next, Plaintiff challenges the hypothetical posed to the VE because the hypothetical, according to Plaintiff, did not adequately reflect the reaching limitations assessed by Dr. Wall and did not include the limitations regarding a sit/stand option at will as determined by the ALJ in her RFC.  Pl.'s Br. at 12-14.  Defendant responds that the hypothetical encompassed all of Plaintiff's reasonable limitations.  Def.'s Mem. at 13.  As for the ALJ's hypothetical failing to mirror the RFC regarding the need for a sit stand option at will, Defendant claims that the error was, at most, harmless.  Id. at 10-12.

"[F]or a [VE]'s testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." Wilson v. Barnhart, 284 F.3d 1219, 1227 (11th Cir. 2002) (citing Jones v. Apfel, 190 F.3d 1224, 1229 (11th Cir. 1999)); see also Winschel, 631 F.3d at 1180 (citation omitted).  In questioning the VE, the ALJ posed the following hypothetical:

> Assume an individual with [Plaintiff's] age, education and work background.  For the first I'm going to start at the light exertional level.  I'm going to include a sit stand option in the workplace, with the opportunity to do the job either sitting or standing and changing that position essentially at will but no more frequently than every 30 minutes.  No ladder, rope or scaffold climbing and only occasional postural motions otherwise.  They need to avoid dangerous work hazards which would be unprotected heights and exposed machinery.  They need to avoid exposure to extreme heat and humidity conditions and finally, they're limited to routine uncomplicated type of work tasks that do not require detailed decision making and do not require a production rate pace.  So, for the first -- what is the impact with [Plaintiff's] past work?

Tr. at 86. In response, the VE testified that "[p]ast work could be eliminated" based on that hypothetical. Tr. at 86. However, the VE identified other representative jobs in the regional or national economy that such individual could perform, including ticket seller, ticket taker, and marker. Tr. at 86-87. The ALJ inquired whether the VE's testimony was consistent with Dictionary of Occupational Titles, and the VE stated that it was "with the exception of the sit stand option." Tr. at 87. In that regard, the VE explained that he is able to testify about a sit stand option "as to over time, the nature of work has changed allowing for the use of a chair or stool, wireless headset or a workstation that can be raised and lowered. . . . And for the most part I've seen these changes." Tr. at 87-88. The ALJ then inquired whether any of the jobs require more than frequent reaching, handling, or fingering. Tr. at 88. The VE testified the position of ticket seller "would require reaching, handling, fingering on a constant basis." Tr. at 88. Of note, ticket seller was not included as one of the representative jobs in the ALJ's Decision. See Tr. at 50.

> In her Decision, as noted above, the ALJ made the following RFC determination:
>
> [Plaintiff can] perform a full range of light work . . ., except that [Plaintiff] must have a sit-stand option, at will. [Plaintiff] is limited to no ladder, rope or scaffold climbing, and only occasional postural motions (i.e. bend, balance, stoop, squat, kneel, crouch and crawl) otherwise. [Plaintiff] must avoid dangerous work hazards (i.e. unprotected heights and exposed machinery), and avoid extreme heat and humidity conditions. Further, [Plaintiff] is limited to routine, uncomplicated tasks not requiring detailed decision making, and not requiring a production rate pace. Lastly, [Plaintiff] must avoid constant reaching, handling and fingering tasks.

Tr. at 42-43 (emphasis and citations omitted). As for Plaintiff's claim of error that the ALJ should have included greater limitations for reaching, as discussed in the section above, the ALJ's RFC assessment regarding Plaintiff's ability to reach was supported by substantial

-14-

evidence, and Plaintiff failed to point to any medical evidence that supports any greater reaching limitations than those assessed by the ALJ. Accordingly, the undersigned finds no error in the ALJ's failure to include the reaching limitations noted by Dr. Wall from his Medical Source Statement of Ability to Do Work-Related Activities (Physical) on March 21, 2013, see Tr. at 454, in the ALJ's hypothetical to the VE.

Although a closer call, the undersigned finds unpersuasive Plaintiff's argument that reversal is required because the sit stand option at will in the RFC differed from the sit stand option with the ability to change positions "no more frequently than every 30 minutes" in the hypothetical to the VE. Of note is the VE's discussion of his ability to testify regarding sit stand options. He explained that "the nature of work has changed allowing for the use of a chair or stool, wireless headset or workstation that can be raised or lowered." Tr. at 87-88. A reasonable reading of this testimony is that the representative jobs identified allowed for sitting and standing at will and that the thirty-minute time limitation referenced in the hypothetical was not determinative. See, e.g., Williams v. Barnhart, 140 F. App'x 932, 937 (11th Cir. 2005) (stating "[a]lthough the ALJ failed to specify the frequency that [the plaintiff] needed to change his sit/stand position, the reasonable implication of the ALJ's description was that the sit/stand option would be at [the plaintiff's] own volition").

Moreover, in considering the record as a whole, substantial evidence supports the Plaintiff's ability to sit and stand with the need to change position no more frequently than every thirty minutes. For example, Plaintiff reported he can "sit for a while [but] [t]hen it's hard for [him] to get up"; he can stand "only a[n] hour at a time;" and he "can walk 2 miles and

-15-

rest for a while."[6] Tr. at 268; see also Tr. 276-77 (Plaintiff indicated he sits and watches football with friends, goes to church on Sundays, and can stand for an hour at a time). Additionally, Dr. Wall opined Plaintiff can sit or stand two hours at one time with no interruption, Tr. at 453, and consulting physician Thomas Peele, M.D., opined Plaintiff can sit up to six hours and stand up to six hours in an eight-hour workday with normal breaks. Tr. at 373.

Although not identical, the hypothetical to the VE substantially conformed with the RFC that was adopted by the ALJ. Thus, the VE's testimony constitutes substantial evidence, see Wilson, 284 F.3d at 1227, and the Decision is due to be affirmed on this issue.

## C. Credibility Finding (Issue Three)

Plaintiff argues the ALJ "did not adequately assess [Plaintiff's] credibility, which was particularly important in this case since [Plaintiff] suffers from significant pain." Pl.'s Br. at 16. Specifically, Plaintiff contends that the ALJ's credibility finding was "nothing more than boiler plate type language, and does not offer enough reasoning to support the ALJ's determination that [Plaintiff] is not credible." Id. at 17. Defendant responds that the ALJ's statements are consistent with the requirements of the Regulations and the law in this Circuit. Def.'s Mem. at 15-16. Additionally, Defendant argues that the ALJ articulated adequate reasons for discrediting Plaintiff's complaints of pain. Id. at 14. The undersigned finds that the ALJ 's credibility finding is supported by substantial evidence and agrees with Defendant that the ALJ properly stated reasons to support her conclusion that Plaintiff was less than credible.

---

[6] At the hearing, Plaintiff testified he is able to stand only two to three minutes at a time and maybe another minute or two if he can fidget. Tr. at 75. The ALJ discounted Plaintiff's credibility, as discussed in greater detail in section C, due to Plaintiff's testimony being inconsistent with other evidence in the record.

-16-

To establish a disability based on testimony of pain or other subjective symptoms, a claimant must satisfy two parts of a three-part test showing: (1) evidence of any underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged subjective symptoms; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed subjective symptoms. Wilson, 284 F.3d at 1225 (citing Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991) (stating that "the standard also applies to complaints of subjective symptoms other than pain")). "The claimant's subjective testimony supported by medical evidence that satisfies the standard is itself sufficient to support a finding of disability." Holt, 921 F.2d at 1223.

"[C]redibility determinations are the province of the ALJ." Moore, 405 F.3d at 1212. The ALJ "must articulate explicit and adequate reasons" for finding a claimant "not credible." Wilson, 284 F.3d at 1225. "When evaluating a claimant's subjective symptoms, the ALJ must consider things such as (1) the claimant's daily activities; (2) the nature, location, onset, duration, frequency, radiation, and intensity of pain and other symptoms; (3) precipitating and aggravating factors; (4) adverse side effects of medications; and (5) treatment or measures taken by the claimant for relief of symptoms." Davis v. Astrue, 287 F. App'x 748, 760 (11th Cir. 2008) (unpublished) (citing 20 C.F.R. § 404.1529(c)(3)(i)-(vi)). After considering the claimant's subjective complaints, "the ALJ may reject them as not credible, and that determination will be reviewed for substantial evidence." Marbury v. Sullivan, 957 F.2d 837, 839 (11th Cir. 1992) (citing Wilson v. Heckler, 734 F.2d 513, 517 (11th Cir. 1984)).

Here, the ALJ found that Plaintiff's "medically determinable impairments could reasonably be expected to cause some of the alleged symptoms," but the ALJ found that

-17-

Plaintiff's "statements concerning the intensity, persistence and limiting effects of [his] symptoms are not entirely credible." Tr. at 44. In her Decision, the ALJ noted the following:

> [Plaintiff] alleged that he is unable to work due to a neck and back injury, diabetes, high blood pressure, migraine headaches and depression. Due to these alleged conditions [Plaintiff] reported that he experiences symptoms such as leg pain, back pain, headaches and memory issues. Further, he stated that his symptoms allegedly cause him difficulties attending to his daily hygiene, walking and standing. However, [Plaintiff] acknowledged that he is still capable of preparing simple meals, performing household chores, handling most of his daily finances, shopping for groceries, dealing with stressors, handling changes in his routine, following written instructions and walking up to two miles. Lastly, [Plaintiff] admitted that his medication reduces his symptoms sometimes.

Tr. at 43 (citations omitted). Additionally, the ALJ referenced in her Decision that at the administrative hearing, Plaintiff testified that "he could only stand for two to three minutes and he could walk for about two blocks." Tr. at 43. The ALJ also noted that Plaintiff's "non-compliance with his prescribed diet and exercise regimen suggests [Plaintiff's] symptoms are not as severe as alleged. Tr. at 46.

Thus, the ALJ's credibility determination is supported by a number of reasons which the ALJ discussed in her Decision, including Plaintiff's testimony regarding his limitations being inconsistent with other evidence of his actual ability to engage in daily activities of living; his medications were helping when he took them and he was not experiencing side effects; and Plaintiff's lack of compliance with his prescribed diet and exercise regime suggesting his symptoms were not as severe as alleged. Tr. at 45-47. Given these specific examples addressed by the ALJ, the undersigned finds that the ALJ articulated adequate reasons for finding Plaintiff's statements not entirely credible. Because the ALJ's credibility finding is supported by substantial evidence in the record, the undersigned finds no error in the ALJ's credibility determination.

## V. Conclusion

Based on a thorough review of the administrative transcript, and upon consideration of the respective arguments of the parties, the Court finds that the ALJ's Decision is supported by substantial evidence.

In accordance with the foregoing, it is hereby **ORDERED**:

1. The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), and pursuant to § 1383(c)(3), **AFFIRMING** the Commissioner's final decision.

2. The Clerk is directed to close the file.

**DONE AND ORDERED** at Jacksonville, Florida on February 23, 2016.

*James R. Klindt*
**JAMES R. KLINDT**
United States Magistrate Judge

jde
Copies to:
Counsel of record